UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

**Clayton Samuel Wilson**,
Plaintiff,

v.

**EXPERIAN INFORMATION SOLUTIONS, INC.**,
**BRIGIT, INC.**, and
**COASTAL COMMUNITY BANK**,
Defendants.

Case No.


VERIFIED COMPLAINT


I. JURISDICTION AND VENUE

1. This action arises under the **Fair Credit Reporting Act** ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the **Truth in Lending Act** ("TILA"), 15 U.S.C. § 1601 *et seq.*

2. This Court has subject-matter jurisdiction pursuant to **28 U.S.C. § 1331**, **15 U.S.C. § 1681p**, and **15 U.S.C. § 1640(e)**.

3. Venue is proper in this District because Plaintiff resides in Bridgeport, Connecticut, and Defendants' unlawful credit reporting caused injury in this District.


II. PARTIES

4. Plaintiff **Clayton Samuel Wilson** is a natural person residing in Bridgeport, Connecticut.

5. Defendant **Experian Information Solutions, Inc.** ("Experian") is a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(f).

6. Defendant **Brigit, Inc.** ("Brigit") is a furnisher of consumer information under 15 U.S.C. § 1681s-2 and a creditor under TILA.

7. Defendant **Coastal Community Bank** ("Coastal") is a federally insured financial institution, acted as creditor and/or program bank for Brigit, and furnished information to Experian regarding Plaintiff.

III. FACTUAL ALLEGATIONS

A. The Account and Credit Reporting

8. Defendants Brigit and Coastal caused Experian to publish a tradeline identified as **"BRIGIT / COASTALCBK / ARY"** on Plaintiff's consumer credit report.

9. Experian reported the tradeline as **"Past due 60 days."**

10. At the same time, Experian reported:

* "**Balance updated: null**"
* "**Past due amount: undefined**"

11. Experian nonetheless disseminated this tradeline to third-party users as a delinquent credit obligation.
    (See **Exhibit A**.)

12. Reporting a delinquency without a defined balance or defined past-due amount is **facially inaccurate**, **internally inconsistent**, and **materially misleading** to any reasonable creditor.


B. Failure to Send Billing Statements — §1666(b)

13. The Brigit account functioned as **open-end consumer credit**, including recurring advances, repayment obligations, and periodic payment expectations.

14. Brigit and Coastal **never sent Plaintiff a billing statement** for the alleged billing cycle **at least 21 days before the payment due date**, as required by **15 U.S.C. § 1666(b)(2)** and **12 C.F.R. § 1026.5(b)(2)**.

15. Plaintiff did not receive:

* a mailed billing statement,
* an electronically delivered billing statement,
* or any document identifying a payment due date at least 21 days in advance.

16. Because no billing statement was sent, **no payment could legally become "late"** under TILA.

17. Any reporting of delinquency under these circumstances is **statutorily prohibited**, not merely inaccurate.

C. Validation Notice and Continued Reporting

18. Plaintiff sent Brigit a **written validation and dispute notice**, challenging:

* the existence of any legally due payment,
* the failure to send billing statements,
* and the reporting of delinquency.

19. Despite receiving this notice, Brigit and Coastal **continued furnishing the tradeline** to Experian without correcting or deleting the delinquency.

20. Experian likewise continued reporting the tradeline with **null and undefined financial fields**.

D.(Integrated Facts)

21. Defendants cannot plausibly claim the account is "not credit" because:

* it was reported as a tradeline,
* with monthly delinquency status,
* and used in credit scoring models.

22. If Defendants assert the account is **not credit**, then reporting it as a delinquent credit obligation violates the FCRA per se.

23. Defendants cannot rely on "electronic access" as compliance with §1666(b) because:

* Plaintiff was never delivered a billing statement,
* no evidence of delivery exists,
* and passive app dashboards do not satisfy TILA's delivery requirement.

24. Defendants cannot assert lack of a private right of action because **15 U.S.C. § 1640** expressly authorizes civil liability for §1666 violations.

IV. CLAIMS FOR RELIEF

COUNT I

**FCRA — Failure to Assure Maximum Possible Accuracy**
15 U.S.C. § 1681e(b) (Against Experian)

25. Experian reported a delinquency while publishing "null" and "undefined" values in mandatory financial fields.

26. Such reporting is materially misleading and violates the duty to assure maximum possible accuracy.

COUNT II

**FCRA — Failure to Reinvestigate**
15 U.S.C. § 1681i(a) (Against Experian)

27. After dispute, Experian failed to conduct a reasonable reinvestigation and failed to delete unverifiable information.

COUNT III

**FCRA — Furnisher Liability**
15 U.S.C. § 1681s-2(b) (Against Brigit and Coastal)

28. Brigit and Coastal verified or continued furnishing information that was inaccurate, incomplete, and legally invalid.

COUNT IV

**TILA — Billing Statement Violation**
15 U.S.C. §§ 1666(b), 1640 (Against Brigit and Coastal)

29. Defendants reported Plaintiff as late without ever sending a billing statement 21 days before the due date.

30. This constitutes a direct violation of TILA with statutory damages available.

COUNT V

**Willful Noncompliance**
15 U.S.C. § 1681n (Against All Defendants)

31. Defendants acted knowingly or in reckless disregard of Plaintiff's rights.

COUNT VI

**Negligent Noncompliance**
15 U.S.C. § 1681o (Against All Defendants)

32. In the alternative, Defendants negligently failed to comply with federal law.

V. DAMAGES

33. Plaintiff suffered:

* credit score damage,
* loss of credit opportunities,
* emotional distress,
* statutory damages under TILA and FCRA.

VI. JURY DEMAND

34. Plaintiff demands a trial by jury on all issues so triable.

VII. VERIFICATION

I, **Clayton Samuel Wilson**, declare under penalty of perjury that the foregoing is true and correct.

Executed in Bridgeport, Connecticut.

**Clayton Samuel Wilson**
Plaintiff, Pro Se

111 Grandview Ave
Bridgeport CT 06606   12/16/25

UCC 1-308

